CJ-17-4109
Parrish

*1037495932*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 19 2017

RICK WARREN
COURT CLERK
36

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| MM PROPERTY HOLDING, LLC and OKLAHOMA PAIN MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY, THE TINES GROUP, INC., CNA FINANCIAL CORPORATION, and C.L. FRATES AND COMPANY,<br><br>Defendants. | ) | Case No. CJ-2017-4109 |

**PETITION**

COME NOW the Plaintiffs MM Property Holding, LLC and Oklahoma Pain Management, LLC, and for their causes of action against the Defendants Continental Casualty Company, The Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Comapny state as follows:

1. MM Property Holding, LLC is an Oklahoma Limited Liability Corporation and the owner of a building located at 3601 NW 138th St., Oklahoma City, Oklahoma County, Oklahoma (the "Building").

2. Oklahoma Pain Management, LLC, is an Oklahoma Limited Liability Corporation, and a holder of a policy of insurance issued by Continental Casualty Company, a foreign corporation, with policy number 4017945389.

3. The policy was sold, the building was damaged, and the adjusting of the claim was performed in Oklahoma County, Oklahoma, so venue is proper in Oklahoma County, Oklahoma.



EXHIBIT 2

4. The Tines Group, Inc., a Kansas corporation, is an engineering firm hired by Defendant CNA Financial Corporation and/or C.L. Frates and Company, an Oklahoma corporation, acting as agents to Defendant Continental Casualty Company, to assist in adjusting Plaintiffs' claim on their policy of insurance.

5. In the spring of 2016, Plaintiffs' building began to leak.

6. Plaintiffs made a claim with their current insurance company, Foremost Insurance Group ("Foremost").

7. Formost sent out an adjustor, who found hail damage to the roof of the building, but found the hail damage occurred prior to its policy period, which began in January 1, 2016.

8. Formost based its evaluation on the Benchmark Hail History Report, which concluded that the last prior hail event occurred on July 20, 2015.

9. Plaintiffs' insurance company at the time of the hail event was Continental Casualty Company, so Plaintiffs submitted a claim with Continental Casualty Company.

10. Continental Casualty Company retained CNA Financial Corporation and/or C.L. Frates and Company who in turn hired Defendant The Tines Group, Inc., to assist in adjusting the claim.

11. The Tines Group, Inc. report found no hail damage to the roof of the building.

12. Continental Casualty Company, through its agents and/or employees further placed the date of loss on January 1, 2013, and denied Plaintiffs' claim.

13. According to the Benchmark Hail History Report, there was no hail event on January 1, 2013.

14. Even though Continental Casualty Company based its final determination on the evaluation completed by Defendants CNA Financial Corporation and/or C.L. Frates and



EXHIBIT 2

Company, who based their evaluation on the Tines Group, Inc. report, Continental Casualty Company refused to provide any of the findings or reports to Plaintiffs even though they were duly requested.

**COUNT I – BREACH OF CONTRACT – CONTINENTAL CAUSALTY COMPANY**

Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 14, as if fully set forth herein.

15. Under the terms of the policy, Continental Casualty Company agreed to compensate Plaintiffs for hail damage to the building.

16. Plaintiffs have complied with all of the terms and conditions of the Policy with Continental Casualty Company.

17. Continental Casualty Company failed to pay Plaintiffs their benefits, knowing that Plaintiffs were entitled to benefits.

18. Continental Casualty Company's failure to pay benefits constitutes a breach of contract.

19. As a result of Continental Casualty Company's breach of contract, Plaintiffs have suffered injuries and damages, including incidental and consequential damages; all of which in an amount more than required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**COUNT II- BAD FAITH– CONTINENTAL CAUSALTY COMPANY, THE TINES GROUP, INC., CNA FINANCIAL CORPORATION and C.L. FRATES AND COMPANY**

Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 19, as if fully set forth herein.

20. Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to evaluate and pay Plaintiff the proper amount for a valid claim under the Policy.

21. Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company violated its duty of good faith and fair dealing by unreasonably and in bad faith failing to perform a proper investigation and by failing to evaluate the results of its investigation properly.

22. Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company violated its duty of good faith and fair dealing when it had no reasonable basis to delay payment of the claim.

23. Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company violated its duty of good faith and fair dealing by negligently supervising this loss.

24. Pursuant to the aforementioned facts, Plaintiffs allege that Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company's corporate goals are to increase their profits by unlawfully reducing payments of valid claims made pursuant to policy provisions.

25. That as a result of Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company's breach of its duty of good faith and fair dealing, Plaintiff suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish and financial distress.

26. The bad faith conduct of Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company is reckless, intentional and/or malicious and was perpetrated to deprive the Plaintiffs of payment of reasonable, valid benefits for which they were legally and contractually entitled to and for which Continental Casualty Company was liable to pay. Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company's conduct reflects both a reckless and callous disregard for the health and welfare of the Plaintiffs and thus warrants the imposition of punitive damages.

27. As a result of Continental Casualty Company, the Tines Group, Inc., CNA Financial Corporation and C.L. Frates and Company's bad faith actions described above, Plaintiffs have suffered injuries and damages, including incidental, consequential damages and such conduct warrants punitive damages, all of which in an amount more than required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**COUNT III – FRAUD, CONSPIRACY AND COLLUSION–THE TINES GROUP, INC., CONTINENTAL CASUALTY COMPANY, C.L. FRATES AND COMPANY and CNA FINANCIAL CORPORATION**

Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 27, as if fully set forth herein.

28. The Tines Group, Inc., Continental Casualty Company, C.L. Frates and Company and CNA Financial Corporation knew that there was hail damage to the roof of the building.

29. Despite such knowledge The Tines Group, Inc., Continental Casualty Company, C.L. Frates and Company and CNA Financial Corporation conspired when they wrote false reports stating that there was not hail damage to the roof, that damages occurred on different dates in direct contradiction to valid industry standard reporting, and when they refused to provide

Plaintiffs with copies of the relied upon reports all in an effort to avoid paying Plaintiffs under the policy.

30. The Tines Group, Inc., Continental Casualty Company, C.L. Frates and Company and CNA Financial Corporation's actions were a material misstatement of fact, knowing such misstatement was false, with the intent that it be relied upon by the parties to the Plaintiffs' detriment.

31. As a result of The Tines Group, Inc., Continental Casualty Company, C.L. Frates and Company and CNA Financial Corporation's actions described above, Plaintiffs have suffered injuries and damages, including incidental, consequential damages and such conduct warrants punitive damages, all of which in an amount more than required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against The Tines Group, Inc., Continental Casualty Company, C.L. Frates and Company and CNA Financial Corporation as follows:

(A) Cost of Repairs;

(B) For compensatory damages;

(C) For punitive damages;

(D) For pre judgment and post judgment interest;

(E) For reasonable attorney fees;

(F) Costs of suit; and

(G) For such other relief as this Court may deem just and proper, to be set forth after discovery; all of which in an amount more than required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

RESPECTFULLY SUBMITTED,

**WEST ♦ YLLA ♦ GOSNEY**

Andrew D. Schwartz, OBA #17338
8 S.W. 89th Street, Suite 200
Oklahoma City, OK 73139
(405) 378-8132 Phone
(405) 378-0711 Fax
dschwartz@wyglawfirm.com
Attorneys for Plaintiffs

Attorneys' Lien Claimed



EXHIBIT 2