IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MM PROPERTY HOLDINGS, LLC, | ) | |
| and OKLAHOMA PAIN | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-17-964-C |
| | ) | |
| CONTINENTAL CASUALTY | ) | |
| COMPANY, THE TINES GROUP, INC., | ) | |
| and C.L. FRATES AND COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs filed this action in the District Court of Oklahoma County, asserting

claims of breach of contract, bad faith, and other torts arising from Defendant Continental

Casualty Company's ("Continental") handling of alleged hail damage to Plaintiffs'

building. Continental removed this matter, asserting diversity of citizenship. Plaintiffs

filed a Motion to Remand, arguing that Defendant C.L. Frates and Company ("Frates") is

an Oklahoma corporation and therefore there is not complete diversity of citizenship. The

Notice of Removal noted that Frates was an Oklahoma entity but argued that that entity

was improperly joined, as it had no connection to the claims in this matter. In their Motion

to Remand, Plaintiffs argue that Defendants have failed to meet their burden of establishing

that Frates was improperly joined.

The basis for Plaintiffs' claims against Frates is a single letter sent from an employee of

Continental outlining the basis for its denial of Plaintiffs' claim. That letter indicates a

copy was sent to C.L. Frates and Company. On this basis Plaintiffs argue that there are questions of fact about what involvement Frates may have had with their claim and therefore Frates is a necessary party. Plaintiffs argue that because Frates must remain in the action, diversity is not present and this matter should be remanded.

In response, Continental provides an affidavit from Ms. Cantu who wrote the letter. Therein, she attests that the inclusion of Frates as a copy recipient was incorrect; that the proper recipient of the letter and the entity who actually received the letter was a company known as Acrisure LLC. Ms. Cantu further avers that as it relates to Plaintiffs' claims, she never had any contact with anyone at Frates, nor did any other employee of Continental, and that Frates had no connection and played no role in the decisions to deny Plaintiffs' claims.

As Plaintiffs note, Defendant has the burden of establishing that removal jurisdiction is proper. See Port City Props. v. Union Pac. Ry. Co., 518 F.3d 1186, 1189 (10th Cir. 2008). Proof of jurisdiction must by established by a preponderance of the evidence. Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). Whether or not Frates was improperly joined is considered from two perspectives: 1) whether Plaintiffs may state a cause of action against the non-diverse party in state court or 2) whether or not there is factual fraud in the pleading of the jurisdictional facts. Defendant does not suggest any fraud, but rather argues that Plaintiffs cannot state a claim against Frates. To establish improper joinder, a defendant must establish there is no possibility of recovery by the plaintiff against the in-state defendant or that there is no

reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant. Bristow First Assembly of God v. BP P.L.C., 210 F. Supp. 3d 1284, 1289 (N.D. Okla. 2016) (citing Monsanto v. Allstate Indem., No. 99-2225, 2000 WL 525592 at *10 (10th Cir. Apr. 14, 2000)).

After review of Plaintiffs' state court petition and the arguments of the parties set forth herein, the Court finds that C.L. Frates was improperly joined. As noted above, Defendant Continental has provided an affidavit from Ms. Cantu outlining how Frates was included on the letter and her sworn testimony that that entity had no connection to Plaintiffs' claims. Plaintiffs have offered no evidence or argument beyond conclusory assertions to counter that affidavit. Even if there were some suggestion that Frates had played a role as an adjustor in the claim, Plaintiffs' claims could not be pursued against it. The Oklahoma Supreme Court in Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC, 2014 OK 106, ¶ 17, 341 P.3d 75, 81-82, held that an adjustor cannot be held liable for bad faith. To the extent Plaintiffs attempted to state a claim for fraud, conspiracy, or collusion against Frates, the Oklahoma Supreme Court likewise rejected the ability to pursue tort claims against an adjustor. Trinity Baptist Church, 2014 OK 106, ¶ 31, 341 P.3d at 86.

Accordingly, the Court finds that C.L. Frates was improperly joined as a Defendant in this matter. It will be dismissed. As the remaining Defendants are all of diverse citizenship from Plaintiffs, and there is no dispute that the amount in controversy exceeds the jurisdictional requisite, Plaintiffs' Motion to Remand will be denied.

Plaintiffs also names as a Defendant The Tines Group, Inc. ("Tines"). Tines has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As with C.L. Frates, the only role Tines played in this matter was as the adjustor on the claim. Plaintiffs agree that because Tines was not a party to the insurance contract, they cannot pursue a claim for bad faith or negligence against it. However, Plaintiffs argue that because Tines wrote false reports, Plaintiffs should be permitted to pursue a fraud or civil conspiracy action. As noted above, the Oklahoma Supreme Court has rejected any claims of tort liability against an independent adjustor when a plaintiff has a viable claim against the insurance company. See Trinity Baptist Church, 2014 OK 106, ¶ 31, 341 P.3d at 86. Accordingly, the Court finds that Plaintiffs cannot recover on their fraud or civil conspiracy claim against Defendant Tine and that party is entitled to dismissal with prejudice.

For the reasons set forth herein, Defendant The Tines Group, Inc.'s Motion to Dismiss (Dkt. No. 9) is GRANTED. Plaintiffs' claims against this Defendant are dismissed with prejudice. The Motion to Remand by Plaintiffs (Dkt. No. 14) is DENIED. Plaintiffs' claims against Defendant C.L. Frates and Company are dismissed with prejudice. A separate judgment will issue at the conclusion of this case.

IT IS SO ORDERED this 26th day of October, 2017.


ROBIN J. CAUTHRON
United States District Judge